NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-504

COMMONWEALTH

vs.

JOSEPH GREEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial, a District Court judge convicted the defendant of vandalizing property in violation of G. L. c. 266, § 126A. In a well-reasoned decision, the same judge denied the defendant's motion for a new trial, in which the defendant claimed ineffective assistance of counsel. In this appeal, the defendant contends that the motion judge erred in denying his motion for a new trial because his trial counsel made a manifestly unreasonable tactical decision to introduce a video recording at trial.[1] We affirm.

---

[1] A judge allowed the defendant to file a late notice of appeal from his conviction, but the defendant makes no separate argument as to the underlying conviction on appeal.

Background.  The Commonwealth presented the following evidence at trial.  On October 4, 2021, at about 5 P.M., the victims left their home in Billerica to go out to dinner for their wedding anniversary.  When they returned home around 9 P.M., the victims saw paint on their driveway and on their son's car, which was parked in the driveway, along with a can of paint.  Surveillance camera video footage taken from the front of the victims' home (Jackson video) showed a white sports utility vehicle (SUV) driving past the victims' house as a paint can was thrown on the driveway.  The SUV appeared to approach the home slowly, and, after the paint can was thrown, accelerate away.  The video footage was not time stamped and the SUV's license plate was not discernible from the video footage.

Surveillance camera video footage (Ferrari video) from a neighbor's house four doors away from the victims' depicted a white SUV driving past the neighbor's house at 8:03 P.M. and 8:17 P.M.

Shortly after speaking with the victims that night, Billerica police reviewed screenshots from the Ferrari video that captured the license plate of the white SUV.  The SUV was registered to the defendant, who had lived next door to the victims until 2013, but at the time of the incident lived about two miles away.  Officers went to the defendant's home, where they saw the same white SUV parked in the driveway.  The

2

defendant admitted to police that he drove the SUV in the victims' neighborhood earlier that evening. He appeared nervous and offered conflicting explanations for his presence in the victims' neighborhood.

The defendant introduced surveillance footage (Mackenzie video) from the house across the street from the victims' home. The video footage was not time stamped, and no paint can was visible. The video recording was about twenty minutes long and depicted four white or light-colored vehicles driving past the victims' home. As the fourth vehicle drove past the home, a faint noise can be heard on the video recording.

Discussion. We review a judge's decision on a motion for a new trial for error of law or abuse of discretion. See Commonwealth v. Tavares, 491 Mass. 362, 365 (2023). In doing so, "[w]e afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge." Commonwealth v. Martin, 467 Mass. 291, 316 (2014). To prevail on his claim of ineffectiveness of counsel, the defendant must show: (1) that counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer"; and (2) that this conduct "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "A strategic

3

or tactical decision by counsel will not be considered ineffective assistance unless the decision was manifestly unreasonable when made" (quotation and citation omitted). Commonwealth v. Watson, 455 Mass. 246, 256 (2009). The manifestly unreasonable test is "a search for rationality in counsel's strategic decisions." Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015).

Here, the defendant asserts that trial counsel's introduction of the Mackenzie video, which lacked time stamps, when compared with the time stamped Ferrari video, permitted the prosecutor to argue that the fourteen-minute timespan between vehicles on the Mackenzie video corresponded to the defendant's SUV passing at 8:03 P.M and 8:17 P.M. on the Ferrari video, and a "metallic thud" when the fourth vehicle passed by corroborated that the defendant threw a paint can. Thus, he argues, trial counsel's decision to offer the Mackenzie video was manifestly unreasonable.

Although trial counsel averred in support of the defendant's motion for a new trial that he would not have introduced the Mackenzie video if he had heard the "metallic thud" before trial, his decision to offer the evidence was a rational tactical decision at the time. See Kolenovic, 471 Mass. at 674. The Mackenzie video established that the Jackson video was captured during the time period that several white or

light-colored vehicles drove past the victims' home. The Mackenzie video availed trial counsel of the reasonable argument that, because the Jackson video did not identify the white SUV's license plate and did not have time stamps, the paint can could have been thrown from any of the white vehicles that passed the victims' home that night. In closing, trial counsel extensively argued this point. Additionally, although the defendant argues on appeal that the purported "thud" was crucial to the Commonwealth's case, its significance is ambiguous. Many sounds were audible on the Mackenzie video, and the sound of the "thud" was not the same as the sound of the paint can hitting the driveway on the Jackson video. That trial counsel did not hear the faint noise before introducing the Mackenzie video does not evince his ineffectiveness. Rather, any ordinary fallible lawyer might not have heard the noise or assigned it particular significance. We therefore agree with the motion judge that trial counsel's decision to introduce the Mackenzie video was not manifestly unreasonable. See Kolenovic, supra at 673 ("we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful" [citation omitted]).

We also disagree with the defendant's further contention that he was prejudiced by trial counsel's ineffectiveness. He asserts that without the Mackenzie video, the evidence would

5

have been insufficient for any rational trier of fact to convict him.[2]  However, there was evidence that the defendant knew the victims, the defendant twice drove his white SUV past the victims' home, the paint was thrown from a white SUV, and the defendant was evasive when asked why he had driven past the home.  The Mackenzie video did not add appreciably to the Commonwealth's case.

We therefore conclude that the judge did not err or abuse his discretion by denying the defendant's motion for a new trial.  See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722

---

[2] The defendant also argues that the prosecution could not have authenticated the Mackenzie video because no available eyewitness could have testified that it was a fair and accurate depiction of the scene.  To the contrary, the video footage contained corroborating details, such as the appearance of two white SUVs passing at the same interval as depicted on the Ferrari video, and one of the victims testified that the video footage depicted her home as seen from across the street.  See Commonwealth v. Davis, 487 Mass. 448, 466 (2021) (evidence may be authenticated by circumstantial evidence alone, including its appearance, content, or other distinctive characteristics).

(2012) ("a defendant must prove both deficient performance and prejudice").

Judgment affirmed.

Order denying motion for new
trial affirmed.

By the Court (Singh, Grant &
Brennan, JJ.[3]),

*Paul Little*

Clerk

Entered:  April 11, 2025.

---

[3] The panelists are listed in order of seniority.